THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ROZELLA A. OLIVER (SBN: 250488)
Assistant United States Attorney
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2475
     Facsimile: (213) 894-8601
     E-mail: rozella.oliver@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. _____ **CR08-00683** |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT LOUIS RICARDO ARRIOLA |
| v. | |
| LOUIS RICARDO ARRIOLA, | |
| Defendant. | |

1.   This constitutes the plea agreement between LOUIS RICARDO ARRIOLA ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the investigation of telecommunications fraud committed by defendant. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

### PLEA

2.   Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a single-count information in
//

1  the form attached to this agreement or a substantially similar

2  form.

NATURE OF THE OFFENSE

3.  In order for defendant to be guilty of single-count
information, which charges aiding and abetting a violation of
Title 18, United States Code, Section 1341, the following must be
true: (1) another person committed the crime of unauthorized mail
fraud, in violation of Title 18, United States Code, Section
1341); (2) defendant knowingly and intentionally aided, counsel,
commanded, induced, or procured that person to commit the
violation of Title 18, United States Code, Section 1341; and (3)
defendant acted before the crime was committed.  The elements of
a violation of Title 18, United States Code, Section 1341 are the
following: (1) someone made up a scheme or plan for obtaining
money or property by making false promises or statements; (2) the
person knew that the promises or statements were false; (3) the
promises or statements were material, that is they would
reasonably influence a person to part with money or property; (4)
the person acted with intent to defraud; and (5) the person used,
or caused to be used, the mails to carry out or attempt to carry
out an essential part of the scheme.  Defendant admits that
defendant is, in fact, guilty of this offense as described in the
information.

PENALTIES AND RESTITUTION

4.  The statutory maximum sentence that the Court can impose
for a violation of Title 18, United States Code, Section 1341,
is: 20 years imprisonment; a five-year period of supervised
release; a fine of $250,000 or twice the gross gain or gross loss

1  resulting from the offense, whichever is greatest; and a
2  mandatory special assessment of $100.

3      5.   Supervised release is a period of time following
4  imprisonment during which defendant will be subject to various
5  restrictions and requirements.  Defendant understands that if
6  defendant violates one or more of the conditions of any
7  supervised release imposed, defendant may be returned to prison
8  for all or part of the term of supervised release, which could
9  result in defendant serving a total term of imprisonment greater
10  than the statutory maximum stated above.

11      6.   Defendant also understands that, by pleading guilty,
12  defendant may be giving up valuable government benefits and
13  valuable civic rights, such as the right to vote, the right to
14  possess a firearm, the right to hold office, and the right to
15  serve on a jury.

16      7.   Defendant further understands that the conviction in
17  this case may subject defendant to various collateral
18  consequences, including but not limited to deportation,
19  revocation of probation, parole, or supervised release in another
20  case, and suspension or revocation of a professional license.
21  Defendant understands that unanticipated collateral consequences
22  will not serve as grounds to withdraw defendant's guilty plea.

23      8.   Defendant understands that defendant will be required
24  to pay full restitution to the victims of the offenses.
25  Defendant agrees that, in return for the USAO's compliance with
26  its obligations under this agreement, the amount of restitution
27  is not restricted to the amounts alleged in the count to which
28  defendant is pleading guilty and may include losses arising from

1  charges not prosecuted pursuant to this agreement as well as all

2  relevant conduct in connection with those charges.  Defendant

3  further agrees that defendant will not seek the discharge of any

4  restitution obligation, in whole or in part, in any present or

5  future bankruptcy proceeding.

6                          FACTUAL BASIS

7       9.  Defendant and the USAO agree and stipulate to the

8  statement of facts provided below.  This statement of facts is

9  sufficient to support a plea of guilty to the charge described in

10  this agreement and to establish the sentencing guideline factors

11  set forth in paragraph 13 below.  It is not meant to be a

12  complete recitation of all facts relevant to the underlying

13  criminal conduct or all facts known to either party that relate

14  to that conduct.

15      Beginning in or about March 2006, and continuing through at
        least July 2006, in Los Angeles County, within the Central
16      District of California, defendant, together with others
        known and unknown, knowingly and with intent to defraud
17      devised and executed a scheme to defraud telecommunications
        service providers as to material matters, and to obtain
18      money and property by means of material false and fraudulent
        pretenses, representations, promises, and concealment of
19      material facts.

20      Specifically, defendant, together with others, pretended to
        be representatives of Saint Gobain Corporation ("Saint
21      Gobain"), a company headquartered in Valley Forge,
        Pennsylvania, to lease office space at 167 N. Third Avenue,
22      Suite I, Upland, California (the "Upland Office").  Still
        pretending to be representatives of Saint Gobain, defendant,
23      together with others, entered into telecommunications
        service contracts with telecommunications service providers,
24      including Transnational Communications International (TNCI),
        Netifice Communications, and Lightyear Network Solutions.
25      As a consequence, these telecommunications service providers
        provided service to an entity they believed to be Saint
26      Gobain at the Upland Office.

27      On or about July 5, 2006, a TNCI representative spoke to
        defendant about the unusually high international long
28      distance call volume appearing on the TNCI Saint Gobain

                                 4

account.   The TNCI representative was told that the high call volume was only temporary.

On or about July 13, 2006, a person purporting to be a representative of Saint Gobain sent an electronic message to a TNCI representative, copying defendant on the message. The electronic message stated that a check had been sent via Federal Express to TNCI to pay for Saint Gobain's July 2006 bill.   Using a tracking number that had been provided, the TNCI representative confirmed that the Federal Express package had indeed been mailed.   Believing that it would soon be paid, TNCI maintained active service to the TNCI Saint Gobain account through the weekend of July 15-16, 2006.   Over that weekend, a large volume of call traffic was routed through the TNCI Saint Gobain account.

On July 17, 2006, TNCI received the Federal Express package from Saint Gobain and discovered that the package was empty except for a blank sheet of paper.   Upon discovering that there was no check in the package, TNCI immediately terminated service to the TNCI Saint Gobain account.

U.S. Secret Service obtained video surveillance footage from a FedEx Kinko's located in Rancho Cucamonga, where the package from Saint Gobain to TNCI was sent.   A review of the footage showed defendant and another male completing the transaction paperwork to ship the Federal Express package to TNCI.

TNCI, Netifice Communications, and Lightyear Network Solutions suffered a loss in excess of $200,000 on the fraudulent Saint Gobain accounts opened by defendant and others.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

10.   By pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.   (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot

afford counsel -- at every other stage of the proceeding.)

     d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

     e) The right to confront and cross-examine witnesses against defendant.

     f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

     g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF DNA TESTING</u>

    11.  Defendant has been advised that the government has in its possession the following items of physical evidence that could be subjected to DNA testing:

                    Federal Express package

Defendant understands that the government does not intend to conduct DNA testing of any of these items for DNA testing. Defendant understands that, before entering a guilty plea pursuant to this agreement, defendant could request DNA testing of evidence in this case.  Defendant further understands that, with respect to the offense to which defendant is pleading guilty

1   pursuant to this agreement, defendant would have the right to
2   request DNA testing of evidence after conviction under the
3   conditions specified in 18 U.S.C. § 3600.  Knowing and
4   understanding defendant's right to request DNA testing, defendant
5   voluntarily gives up that right with respect to both the specific
6   items listed above and any other items of evidence there may be
7   in this case that might be amenable to DNA testing.  Defendant
8   understands and acknowledges that by giving up this right,
9   defendant is giving up any ability to request DNA testing of
10  evidence in this case in the current proceeding, in any
11  proceeding after conviction under 18 U.S.C. § 3600, and in any
12  other proceeding of any type.  Defendant further understands and
13  acknowledges that by giving up this right, defendant will never
14  have another opportunity to have the evidence in this case,
15  whether or not listed above, submitted for DNA testing, or to
16  employ the results of DNA testing to support a claim that
17  defendant is innocent of the offense to which defendant is
18  pleading guilty.

19                          SENTENCING FACTORS

20      12.  Defendant understands that the Court is required to
21  consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),
22  including the kinds of sentence and sentencing range established
23  under the United States Sentencing Guidelines ("U.S.S.G." or
24  "Sentencing Guidelines"), in determining defendant's sentence.
25  Defendant further understands that the Sentencing Guidelines are
26  advisory only, and that after considering the Sentencing
27  Guidelines and the other § 3553(a) factors, the Court may be free
28

1 to exercise its discretion to impose any reasonable sentence up
2 to the maximum set by statute for the crime of conviction.

3       13.   Defendant and the USAO agree and stipulate to the
4 following applicable Sentencing Guidelines factors:

5       Base Offense Level  :    <u>7</u>    [USSG § 2B1.1(a)(1)]

6       Specific Offense
        <u>Characteristics</u>
7       More than $200,000
        in loss             :    <u>+12</u>   [USSG § 2B1.1(b)(1)(G)]
8

9 The parties stipulate that the loss amount is at least $200,000;
10 however, the parties agree that the government can argue for an
11 additional <u>+2</u> point increase based on a loss amount of at least
12 $400,000, but no more than $1,000,000.   The USAO will agree to a
13 downward adjustment for acceptance of responsibility (and, if
14 applicable, move for an additional level under § 3E1.1(b)) only
15 if the conditions set forth in paragraph 16 are met.   Defendant
16 reserves the right to argue for a downward adjustment pursuant to
17 § 3B1.2.   Subject to these terms and the terms set forth in
18 paragraph 14, defendant and the USAO agree not to seek, argue, or
19 suggest in any way, either orally or in writing, that any other
20 specific offense characteristics, adjustments or departures,
21 relating to either the applicable Offense Level or the Criminal
22 History Category, be imposed.   If, however, after signing this
23 agreement but prior to sentencing, defendant were to commit an
24 act, or the USAO were to discover a previously undiscovered act
25 committed by defendant prior to signing this agreement, which
26 act, in the judgment of the USAO, constituted obstruction of
27 justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be
28 free to seek the enhancement set forth in that section.

14. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

15. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.

DEFENDANT'S OBLIGATIONS

16. Defendant agrees that he will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

//

1    e) Not knowingly and willfully fail to be truthful at
2  all times with Pretrial Services, the U.S. Probation Office, and
3  the Court.

4    f) Pay the applicable special assessment at or before
5  the time of sentencing unless defendant lacks the ability to pay
6  and submits a completed financial statement (form OBD-500) to the
7  USAO prior to sentencing.

8    g) Except as provided in paragraph 17.d. of this
9  agreement, to forfeit all right, title, and interest in all
10 monies, property or assets of any kind, derived from or acquired
11 as a result of, or used to facilitate the commission of,
12 defendant's illegal activities, including all right, title and
13 interest in and to the following: $21,452.82 in Washington Mutual
14 Bank account funds seized from checking account number XXXX-
15 XXXXXXX618-4 (CATS ID 07-USS-000087), $2,467.64 in Golden One
16 Credit Union account funds from seized from checking account
17 number XXXXXX9240 (CATS ID 07-USS-000088),  $152,000.00 in
18 Washington Mutual Bank account funds seized from checking account
19 number XXX-XXX248-8 (CATS ID 07-USSS-000089), and $5,000.00 in
20 Altura Credit Union account funds from seized from account number
21 XXX9507 (CATS ID 07-USSS-000090).[1]

22    h) To not challenge, or assist any other person or
23 entity in challenging, the civil judicial forfeiture action filed
24 as to the property referenced in paragraph 16.g. above, entitled
25 United States v. $180,920.46 in Bank Funds, CV 08-2703 PA(AGRx);

26    i) To take whatever steps are necessary to pass to the

27 ───────────

28 [1]  The account numbers have been redacted pursuant to Local Rule
   79-5.4(d).

United States clear title to the assets listed in paragraph 16.g. above, including, without limitation, the completing of any other legal documents required for the transfer of title to the United States.

j) Not to assist any other individual or entity in any effort falsely to contest the forfeiture of the assets described above.

k) Not to claim that reasonable cause to seize the assets described above was lacking.

l) That except as otherwise specifically provided in this agreement, forfeiture of the assets described above shall not be counted toward satisfaction of any special assessment, fine, restitution, or any other penalty the Court may impose.

THE USAO'S OBLIGATIONS

17.   If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

c) To recommend that defendant be sentenced to a term of imprisonment at the low end of the applicable Sentencing Guidelines imprisonment range provided that the total offense

1   level as calculated by the Court is 18 or higher and provided

2   that the Court does not depart downward in offense level or

3   criminal history category.  For purposes of this agreement, the

4   low end of the Sentencing Guidelines imprisonment range is that

5   defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A ,

6   without regard to reductions in the term of imprisonment that may

7   be permissible through the substitution of community confinement

8   or home detention as a result of the total offense level falling

9   within Zone B or Zone C of the Sentencing Table.

10          d) To apply the seized assets listed below to the

11   restitution order expected to be entered as part of defendant's

12   sentence:

13          $21,452.82 in Washington Mutual Bank account funds seized

14          from checking account number XXXX-XXXXXXX618-4 (CATS ID 07-

15          USS-000087);

16          $2,467.64 in Golden One Credit Union account funds from

17          seized from checking account number XXXXXX9240 (CATS ID 07-

18          USS-000088);

19          $152,000.00 in Washington Mutual Bank account funds seized

20          from checking account number XXX-XXX248-8 (CATS ID 07-USSS-

21          000089) and

22          $5,000.00 in Altura Credit Union account funds from seized

23          from account number XXX9507 (CATS ID 07-USSS-000090).

24   If no restitution order is entered, or if the total amount

25   above exceeds the amount of the restitution order, any excess

26   monies shall be forfeited to the government pursuant to paragraph

27   16.g. of this agreement.

28

1      e)   To recommend to the Department of Justice
2  ("Justice") that Justice exercise its discretion (1) to grant any
3  Petition for Remission of forfeited assets submitted by any
4  victim of defendant to Justice, or alternatively, (2) to Restore
5  to any victim of defendant any assets that are successfully
6  forfeited to the government in the civil forfeiture action
7  identified in paragraph 16.h. above.  Defendant understands that
8  the USAO's recommendation is not binding upon Justice.  The
9  government further agrees that if Justice, in its discretion,
10 grants Remission or Restoration to a victim listed in any order
11 for restitution in this case through one of the above procedures,
12 the amount of Remission and Restoration shall be credited towards
13 defendant's restitution obligation.

<u>BREACH OF AGREEMENT</u>

14
15     18.  If defendant, at any time after the execution of this
16 agreement, knowingly violates or fails to perform any of
17 defendant's agreements or obligations under this agreement ("a
18 breach"), the USAO may declare this agreement breached.  If the
19 USAO declares this agreement breached at any time following its
20 execution, and the Court finds such a breach to have occurred,
21 then: (a) if defendant has previously entered a guilty plea,
22 defendant will not be able to withdraw the guilty plea, and (b)
23 the USAO will be relieved of all of its obligations under this
24 agreement.
25     19.  Following the Court's finding of a knowing and willful
26 breach of this agreement by defendant, should the USAO elect to
27 pursue any charge that was either dismissed or not filed as a
28 result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

### LIMITED MUTUAL WAIVER OF APPEAL

20. Defendant gives up the right to appeal any sentence imposed by the Court, including any order of restitution, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 18, and the applicable criminal history category as determined by the

Court.  Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the Court's determination of defendant's criminal history category and the conditions of supervised release imposed by the Court, with the exception of the following: conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21.  The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 18, and the applicable criminal history category as determined by the Court.

COURT NOT A PARTY

22.  The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.  Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

23.   Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

24.   The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

Rozella A. Oliver                    6/10/2008
ROZELLA A. OLIVER                    Date
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises or inducements have been given to me other than those contained in

1  this agreement.  No one has threatened or forced me in any way to
2  enter into this agreement.  Finally, I am satisfied with the
3  representation of my attorney in this matter.

4
5  _____        6/5/2008
   LOUIS RICARDO ARRIOLA                   Date
6  Defendant

7      I am Louis Ricardo Arriola's attorney.  I have carefully
8  discussed every part of this agreement with my client.  Further,
9  I have fully advised my client of his rights, of possible
10 defenses, of the sentencing factors set forth in 18 U.S.C. §
11 3553(a), of the relevant Sentencing Guidelines provisions, and of
12 the consequences of entering into this agreement.  To my
13 knowledge, my client's decision to enter into this agreement is
14 an informed and voluntary one.

15
16 _____        6/5/2008
   STANLEY GREENBERG                       Date
17 Counsel for Defendant
   Louis Ricardo Arriola
18
19
20
21
22
23
24
25
26
27
28

                           17